IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLTEX REFINERY LLC | § | CASE NO. 21-51199 CAG |
| | § | CHAPTER 11 |

<u>MOTION OF CTO INVESTMENTS, INC. AND NOTRE DAME INVESTORS, INC. TO APPOINT CHAPTER 11 TRUSTEE</u>

**This pleading requests relief that may be adverse to your interest**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, CTO Investments, Inc. and Notre Dame Investors, Inc. (collectively, "Creditors") and move the Court ("Motion") for an order appointing a chapter 11 trustee and represent:

1. The Creditors desire for a chapter 11 trustee to be appointed.

2. 11 USC §1104 governs the appointment of a chapter 11 trustee. It provides the following:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

3. Appointment of a chapter 11 trustee is appropriate. The standard set for appointing a chapter 11 trustee is flexible. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)

4. The Debtor was created on July 11, 2017 when its Certificate of Formation was filed with the Texas Secretary of State. See Exhibit "A".

5. It's business purpose is broadly stated to include "any and all lawful business for which limited liability companies may be organized . . ." Further, it was created for the purpose of "treatment and on-site storage of crude oil". See Exhibit "A".

6. In July of 2020, it assumed the name "Alltex Refinery Acquisition Fund". See Exhibit "B".

7. It appears that the Debtor has business operations. Those operations appear to include:

   i. Buying and selling petroleum products (See exhibit "C", affidavit of Roland ),
   ii. Using an assumed name to engage in business activities (See Exhibits "A" and "D", the SJR Development LLC lawsuit),
   iii. Operating a facility to receive, store, process and ship petroleum products. (See Exhibits "A" and "D"),
   iv. Soliciting funds for a project with Katrina Energy LLC (See Exhibit "D"),
   vi. Doing business with Katrina Energy LLC; however, there is now litigation over that agreement. (See Exhibit "E"),
   vii. Doing business with Efficient Energy Partners (See Exhibit "F", a part of Exhibit "E")

8. However, the allegations in the petitions that are Exhibits "D" and "E" indicates that there may be avoidable transfers.

9. For example, in the SJR lawsuit (Exhibit "D", paragraphs 24 through 30) it appears that the Debtor received $100,000, but that money was not used, apparently for the proper designated purpose. The Debtor has not accounted for these funds or why SJR's contemplated

business involvement was never consummated, issued at least one NSF check, and has provided information (that may be fraudulent) concerning oil and gas purchases.

10. Further, on September 22, 2020, SJR provided $200,000 in financing capital to the Debtor to, presumably, operate its business. However, this business, which was to benefit SJR never, apparently, existed. The Debtor did not provide the promised 1099-MISC and K-1 Partner's Share of Income, Deductions and Credits.

11. The Debtor refused to provide SJR with financial records after they were promised.

12. The allegations made in the SJR lawsuit against the Debtor and its insiders of fraudulent inducement, fraudulent misrepresentation and concealment, violations of the Texas Securities Act, violations of the Securities Exchange Act, RICO claims, violations of the Texas Theft Liability act, and breach of fiduciary duty are of grave concern to the Creditors.

13. In the Katrina litigation, Katrina claims that the Debtor defrauded it out of crude oil, never paid the $60,000 purchase price and passed off the financial obligation to a third party not related to the transaction.

14. Katrina claims against the Debtor and a related entity concerning common law fraud, fraud by non-disclosure and negligent misrepresentation are also of grave concern to the Creditors.

15. On October 1, 2021, the Creditors and an additional creditor, filed an involuntary petition against the Debtor (ecf 1).

16. The Debtor did not respond to or otherwise defend against the Involuntary Petition.

17. On November 8, 2021, an Order for relief was entered (ecf 5).

18. The Order directed the Debtor to file a matrix of creditors, schedules and statement of financial affairs.

19. The Debtor neither abided by nor followed the Court's Order.

20. The Debtor's default and refusal to follow this Court's order is reason enough for a trustee to be appointed. By its default and refusal to follow the Court's order, the Debtor has proven that it is not interested in managing its business and financial affairs in a responsible manner and, certainly not in a manner that benefits all of its creditors equally.

21. Since the Debtor has defaulted and demonstrated its lack of interest in its creditors, it appears to be or may be operating its business, appointing a trustee is in the best interest of its creditors and the bankruptcy estate.

22. Once a chapter 11 trustee determines the status of the Debtor's business operations, if a chapter 7 is warranted, then the Trustee can move to convert. In other words, it is premature to convert this case to one under chapter 7.

WHEREFORE, the Creditors pray that the Court enter an order directing the Office of the United States Trustee to appoint, forthwith, a chapter 11 trustee and grant the Creditors such other and further relief, in law and in equity, as is just.

Respectfully submitted,
THE GERGER LAW FIRM, PLLC

By:/s/ *Alan S. Gerger*
Alan S. Gerger
State Bar No. 07816350
1770 St. James Place, Suite 105
Houston, Texas 77004
Telephone: 713-337-6423
Facsimile: 713-900-1978

ATTORNEY FOR
CTO INVESTMENTS, INC. and
NOTRE DAME INVESTORS, INC.

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was served upon the parties shown below by First Class Mail, facsimile or electronically by the Clerk of the Court on December 1, 2021:

Shane P. Tobin  
Office of United States Trustee  
903 San Jacinto Blvd., Room 230  
Austin, Texas 78701

Alltex Refinery LLC  
102 Wonder World Dr., Suite 304-526  
San Marcos, Texas 78666

Alltex Refinery LLC  
301 North Main Plaza, No. 334  
New Braunfels, TX 8130

James B. Jameson  
P.O. Box 980575  
Houston, Texas 77098

Lesley Services LLC  
2805 S. Hwy 42 North  
Kilgore, Texas 75662

By: */s/ Alan S. Gerger*  
Alan Gerger